

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JDG:AMC
F.#2009R01891

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

July 6, 2012

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>United States v. Tina Rintrona</u>
     <u>Criminal Docket No. 10-667 (BMC)</u>

Dear Judge Cogan:

   The government respectfully submits this letter in response to the defendant's sentencing memorandum dated June 15, 2012, seeking a sentence below the applicable United States Sentencing Guidelines ("U.S.S.G.") range. On January 27, 2012, the defendant pled guilty to a lesser-included offense of Count One of the above-referenced indictment, charging her with conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The defendant is scheduled to be sentenced on July 9, 2012 at 4:45 p.m.

   In her submission, the defendant argues that the Court should depart downwardly from the advisory Guidelines range applicable to her, because her personal circumstances, including her difficult upbringing, medical history and drug addiction, merit a non-custodial sentence when considered in light of 18 U.S.C. § 3553(a) and U.S.S.G. §§ 5H1.3 and 5H1.4. For the reasons set forth below, the government respectfully submits that the defendant should be sentenced within the defendant's advisory Guidelines range of 70-87 months, which is the calculation of the applicable Guidelines range in the plea agreement between the parties.

A.    <u>The Applicable Guidelines Range</u>

In the Presentence Investigation Report ("PSR"), the Probation Department estimates that the defendant's total Guidelines offense level is 33 and that the applicable range of imprisonment is 135 to 168 months.  By contrast, the plea agreement estimated the total offense level as 27 with a Guidelines range of 70-87 months.  The disparity in these calculations are based upon two issues: (i) the total drug quantity for which the defendant is to be held responsible, and (ii) a role enhancement under U.S.S.G. §3B1.1(c).

As to the first issue, the government acknowledges that the investigation revealed that the defendant participated in other narcotics transactions of various quantities in addition to the one that led to her arrest in this case.  (<u>See</u> PSR §§ 17, 18).  The defendant does not dispute the existence of previous drug purchasing trips but argues that the quantities of drugs purchased as described in the PSR is overstated.  (<u>See</u> Defendant's Letter, dated June 15, 2012 (Docket Entry No. 77) ("Def.'s Ltr.") at 3, n. 1).  The government, however, does not intend to present any evidence of the additional drug quantities involved in those other transactions at sentencing.

As to the second issue, while the defendant certainly does not qualify for a mitigating role adjustment under U.S.S.G. § 3B1.2, it is also reasonable to view the defendant's role as not that of a supervisor.  For example, the separately-charged Irma Martinez-Donato – and not the defendant – acted as the contact for the scheme's drug suppliers in Arizona.  Furthermore, the defendant did not exert the same control over her codefendants - her husband and her mother - as a leader would in a typical drug organization.  Finally, the defendant's greater responsibility in the offense by planning the drug trips is properly accounted for by the fact that the Probation Department awarded mitigating role reductions to both of her codefendants.[1]

Therefore, the government contends that defendant's total offense level should therefore be level 29 with a Guidelines range of 70-87 months.

---

[1]  The Court accepted the mitigation role reduction for codefendant John Mignano at his sentencing on May 25, 2012.

B.    <u>The Defendant's Personal and Family Circumstances</u>

        The defendant's personal and family circumstances,
including her difficult personal upbringing and addiction to
painkillers (<u>see</u> Def.'s Ltr. at 1-2), should not affect the
defendant's advisory Guidelines range.  While notable, the
defendant's personal history and character are not so unusual
from the circumstances of other similarly situated defendants
that a departure from the recommended Guideline range is
warranted.

        The circumstances the defendant suffered as a child do
not merit a sentence below the applicable Guidelines range.
Although the Guidelines are advisory, the policy statements set
forth in the Guidelines regarding departure should be considered
by the Court when determining whether a non-Guidelines sentence
is appropriate.  <u>United States v. Rattoballi</u>, 452 F.3d 127, 136
(2d Cir. 2006) ("Although the district court is not required to
adhere to the policy statements promulgated by the Commission, we
do consider them in reviewing a sentence for reasonableness.").
The Guidelines caution that "[m]ental and emotional conditions
are not ordinarily relevant in determining whether a sentence
should be outside the applicable guideline range"  U.S.S.G.
§ 5H1.3.  Under the provisions set forth in Section 5K2.0,
aggravating or mitigating circumstances may warrant a departure
if the circumstances are of a kind or to a degree not
contemplated by the Sentencing Commission in formulating the
Guidelines.  To grant such a downward departure, the Court must
find that the case is unusual enough to fall outside the
"heartland" of the typical cases to which the Guidelines apply.
<u>See</u> 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0; <u>Koon v. United States</u>,
518 U.S. 81, 92-96 (1996).  The defendant bears the burden of
proving that the circumstances of his case merit a downward
departure.  <u>United States v. Cornielle</u>, 171 F.3d 748, 754 (2d
Cir. 1999).

        While the Second Circuit has allowed downward
departures "in extraordinary circumstances" of childhood abuse
where "extreme childhood abuse caused mental and emotional
conditions that contributed to the defendant's commission of the
offense," <u>United States v. Rivera</u>, 192 F.3d 81, 85 (2d Cir.
1999), it has limited this downward departure only to situations
in which the impaired mental and emotional condition resulting
from the defendant's childhood abuse actually led the defendant
to commit the offense at issue.  <u>United States v. Brady</u>, 417 F.3d
326, 334-35 (2d Cir. 2005) ("the requirement of a causal nexus
restricts the circumstances in which a departure on the grounds
of abuse is permitted only to cases where the abuse brings about

3

a mental condition that <u>leads to or causes the criminal conduct</u>."
(citing <u>United States v. Reinoso</u>, 350 F.3d 51, 58 (2d Cir. 2003)
(emphasis added)).

      For example, in <u>Brady</u>, the defendant had suffered on-
going severe physical and sexual abuse at the hands of both her
birth parents and adoptive parents, which resulted in her having
a history of mental health problems.  The defendant submitted two
letters – one from a social worker and another from a counselor –
stating that her past abuse made her vulnerable to situations in
which she could be taken advantage of, and would cause her to
make poor choices.  <u>Id</u>. at 331-32.  The Second Circuit found that
the defendant exhibited a history of extreme child abuse that
resulted in impaired mental and emotional conditions.  <u>See id</u>. at
334.  Nonetheless, the Court found that a downward departure was
not warranted because there were no facts to show that the
defendant's "impaired emotional or mental condition led her to
engage in a conspiracy to commit bank fraud."  <u>Id</u>. at 335.

      Even if the defendant demonstrated that her mental or
emotional condition has been impaired in some capacity as a
result of her childhood, she fails to demonstrate a causal
connection between her impairment and the offense at issue.
<u>Brady</u>, 417 F.3d at 335.  There are no facts in the PSR or the
defendant's submission that show her emotional or mental
condition led her to conspire to distribute cocaine.  Therefore,
the defendant's motion for a below-Guidelines sentence on this
ground should be denied.  <u>See</u> <u>United States v. Vera Ramos</u>, 296
Fed. Appx. 201, 203-04 (2d Cir. 2008) (affirming Guidelines
sentence despite defendant's "difficult upbringing").

       In conclusion, the government respectfully submits that the defendant should be sentenced within the advisory Guidelines range of 70 to 87 months.

Respectfully Submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:           /s/
       Anthony M. Capozzolo
       Assistant U.S. Attorney
       (718)254-6454

cc: Curtis Farber, Esq. (by ECF)
    Jill Polish, U.S. Probation Officer (by email)